FILED '11 FEB 17 13:17 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RICHARD J. BOOKER,                       Civ. No. 09-6350-AA

    Plaintiff,                        OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.
_____

Alan Stuart Graf
316 Second Rd.
Summertown, TN 38483
    Attorney for plaintiff

Dwight Holton
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204

Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action seeking judicial review of a final decision of the Commissioner denying his application for supplemental security income payments (SSI) under Title XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is affirmed.

## BACKGROUND

On September 10, 2008, plaintiff protectively filed an application for SSI. Tr. 120-25. After plaintiff's applications were denied initially and on reconsideration, plaintiff and a vocational expert (VE) appeared and testified before an administrative law judge (ALJ) on August 25, 2009. Tr. 31-80, 84-91. On September 22, 2009, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 8-24. On October 9, 2009, the Appeals Council denied review, rendering the ALJ's decision the final agency decision. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff was fifty-five years old at the time of the ALJ's decision, with an eighth grade education and no past relevant work. Tr. 39, 40, 134. Plaintiff alleges disability since February 7, 2008 due to various physical and mental limitations, including diabetes, asthma, antisocial disorder, and high blood pressure. Tr. 43, 48, 120, 134.

2 - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th

3 - OPINION AND ORDER

Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 14; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff had medically determinable impairments of antisocial personality disorder, alcohol dependence, diabetes, chronic obstruction pulmonary disease/asthma, hypertension, and hyperlipidemia, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 14; 20 C.F.R. § 416.920(c) and (d). Accordingly, the inquiry moved to step four.

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform a full range of work at all exertional levels involving short, simple tasks with short, simple instructions. Tr. 15. The ALJ also found that plaintiff should not work in a hazardous

workplace or have contact with the general public. Tr. 15. As plaintiff has no past relevant work, the ALJ proceed to step five. Tr. 23; 20 C.F.R. § 416.920(f).

At step five, the ALJ found that plaintiff was capable of performing other work as a kitchen helper. Tr. 24; 20 C.F.R. § 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 24.

## DISCUSSION

Plaintiff asserts that the ALJ erred by failing to recognize his inability to interact with co-workers in his RFC assessment and finding that he was able to perform other work as a kitchen helper, despite the fact that the ALJ found him limited to simple tasks with simple instructions.

### A. RFC Assessment

Plaintiff testified that a primary impediment to gainful employment was his inability to get along with others. Tr. 48. A third party lay witness, Suzie Schlitzkus, provided a written statement stating that plaintiff is "paranoid" around others, does not get along well with authority figures, and becomes angry with others. Tr. 141, 143, 145, 146.

The ALJ considered these statements and found that plaintiff should avoid contact with the general public. Tr. 17-18, 20-21. However, the ALJ rejected the allegation that plaintiff's inability to interact with others precluded his ability to perform any work.

5 - OPINION AND ORDER

activity. Tr. 20-21. In so finding, the ALJ relied on the opinion of reviewing psychiatrists and psychologists who opined that plaintiff's allegation was not supported by cognitive testing or information provided by an examining psychologist. Tr. 18-21, 176-77, 225, 242, 286-87. The ALJ further noted that the statements of an examining psychologist and plaintiff's treating physician did not conflict with these opinions regarding his mental limitations. Tr. 21, 223-24, 260-63. Finally, the ALJ noted that no evidence suggests that plaintiff had difficulty dealing with others while performing work activity while incarcerated, and that plaintiff's daily activities reflect interactions with others. Tr. 21.

Upon review of the record, the ALJ's findings are clear, convincing and supported by evidence in the record. Tr. 41-42, 48-49, 52, 57-58, 65, 176-77, 221-24, 225, 240-46, 260-63, 266-69, 286-87; Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (unless evidence of malingering is present in the record, the ALJ must base adverse credibility finding on clear and convincing reasons). Further, while an examining psychologist noted plaintiff's poor social functioning and adaptation, she did not opine that the extent of these difficulties were attributable to plaintiff's antisocial personality disorder or that his disorder resulted in limitations that precluded employment. Tr. 223-24. Finally, the ALJ's findings are germane to the statements of Ms. Schlitzkus. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

6 - OPINION AND ORDER

Therefore, I find no error.

B.  Step Five Finding

Plaintiff next argues that the ALJ erroneously relied on VE testimony that conflicts with the Dictionary of Occupational Titles, (4th ed. rev. 1991) (DOT). Specifically, plaintiff argues that the DOT requirements for the job of kitchen helper exceeds his RFC because he is limited to "short simple tasks with short simple instructions." Tr. 15, 70. Plaintiff relies on the description of kitchen helper contained in the DOT, which cites Reasoning Level 2. This level is defined as the ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, Appendix C, § III. The VE did not identify any conflicts between the DOT's definition of kitchen helper and her testimony that plaintiff's RFC corresponds with the skills and duties attendant to that position. Thus, plaintiff argues that the ALJ erred by failing to inquire into the unresolved inconsistency between the VE's testimony and the DOT. See Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

Defendant responds that the kitchen helper position also has specific vocational preparation (SVP) of 2, which corresponds with unskilled work, i.e., work that "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). Thus, defendant contends that the VE testimony does not conflict with the DOT classifications.

7 - OPINION AND ORDER

Regardless, plaintiff's emphasis on the word "detailed" in Reasoning Level 2 is misplaced, given the tasks contemplated in the DOT description for kitchen helper:

> Sweeps and mops floors. Washes worktables, walls, refrigerators, and meat blocks. Segregates and removes trash and garbage and places it in designated containers. Steam-cleans or hoses-out garbage cans. Sorts bottles, and breaks disposable ones in bottle-crushing machine. Washes pots, pans, and trays by hand. Scrapes food from dirty dishes and washes them by hand or places them in racks or on conveyor to dishwashing machine. Polishes silver, using burnishing-machine tumbler, chemical dip, buffing wheel, and hand cloth. Holds inverted glasses over revolving brushes to clean inside surfaces. Transfers supplies and equipment between storage and work areas by hand or by use of handtruck. Sets up banquet tables. Washes and peels vegetables, using knife or peeling machine. Loads or unloads trucks picking up or delivering supplies and food.

DOT, 318.687-010. Nothing in this description contemplates detailed and complex instructions or tasks beyond plaintiff's RFC. See Meissl v. Barnhart, 403 F. Supp. 2d 981, 983-85 (C.D. Cal. 2005) (Reasoning Level 2 did not conflict with the ALJ's prescribed limitation of work which involved "simple, repetitive" tasks).

Finally, because the ALJ's RFC determination was supported by substantial evidence and the VE testified that she would explain any conflict with the DOT, "[t]he ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); Tr. 68. Accordingly, I find that the ALJ did not err in finding the duties of a kitchen helper consistent with plaintiff's RFC.

///

8 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, the ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 16 day of February, 2011.

_____
Ann Aiken
United States District Judge

9 - OPINION AND ORDER